UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
THE NEW YORK TIMES COMPANY,                     :

                Plaintiff,            :

                v.                          :        **COMPLAINT**

FEDERAL BUREAU OF INVESTIGATION,                 :

                Defendant.            :
---------------------------------------------------------------X

Plaintiff THE NEW YORK TIMES COMPANY, by and through its undersigned attorneys, alleges as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), to obtain an order for the production of agency records from the Federal Bureau of Investigation ("FBI") in response to a request properly made by Plaintiff.

## PARTIES

2. Plaintiff, The New York Times Company ("The Times"), publishes *The New York Times* newspaper and www.nytimes.com. The Times is headquartered in this judicial district at 620 Eighth Avenue, New York, New York, 10018.

3. Defendant FBI is the principal federal law enforcement agency in the United States—housed within the Department of Justice ("DOJ"), a department of the federal government—and the agency that has possession and control of the records that Plaintiff seeks.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

5. Venue is premised on Plaintiff's place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

6. FOIA requires that agencies respond to FOIA requests within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A)(i).

7. Defendant FBI has failed to meet the statutory deadlines set by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)–(B). Plaintiff is therefore deemed to have exhausted all administrative remedies, pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

8. Pegasus is a highly advanced spyware developed and distributed by the Israeli technology company NSO Group. The Times and numerous other media outlets have reported on the use of Pegasus by governments across the world to target other government officials, journalists, activists, and more. *See, e.g.*, Ronen Bergman & Mark Mazzetti, *The Battle for the World's Most Powerful Cyberweapon*, N.Y. Times (Jan. 28, 2022), www.nytimes.com/2022/01/28/magazine/nso-group-israel-spyware.html.

9. When Pegasus is deployed onto a target's cellphone, it can collect massive amounts of data (emails, photos, texts, contacts, etc.), track the phone's location, and take control of the camera and microphone, "instantly transform[ing] phones around the world into powerful surveillance tools." *Id.*

10. In November 2021, after extensive reporting about the use of Pegasus by foreign governments, and a resulting backlash, the White House placed the NSO Group on a U.S. Department of Commerce "blacklist," a move that prohibited American companies from selling technology to the company. *See* David E. Sanger, Nicole Perlroth, Ana Swanson & Ronen

Bergman, *U.S. Blacklists Israeli Firm NSO Group Over Spyware*, N.Y. Times (Nov. 3, 2021), www.nytimes.com/2021/11/03/business/nso-group-spyware-blacklist.html.

11. In January 2022, The Times reported that the FBI had purchased Pegasus in 2019, and discussed obtaining a more up-to-date NSO Group product that would have further allowed the agency to surveil American targets. *See* Bergman & Mazzetti, *The Battle for the World's Most Powerful Cyberweapon*, *supra.* Eventually, the FBI opted "not to deploy the NSO weapons," but not before accruing approximately $5 million in fees to the NSO Group. *Id.*

12. In March 2023, the White House issued an executive order barring U.S. government agencies from using commercial spyware tools such as Pegasus. *See* Mark Mazzetti, *Biden Acts to Restrict U.S. Government Use of Spyware*, N.Y. Times (Mar. 27, 2023), www.nytimes.com/2023/03/27/us/politics/biden-spyware-executive-order.html.

13. In the wake of its reporting around the NSO Group, The Times became aware of a presentation given by three FBI personnel, including an Assistant Director and Unit Chief, at an October 2022 conference of the International Association of Chiefs of Police ("IACP"), the agenda for which included a session on digital content analysis that specifically referenced Pegasus. *Full Schedule*, IACP 2022, https://tinyurl.com/IACP2022 (last visited Oct. 4, 2023). "This workshop will demonstrate uses for the Triage Toolkit, Pegasus, and Jupiter, describing collaborative efforts between agencies to accomplish mass multimedia review with surveillance video, call detail records, and social media records," the event description read. *Id.* Details of the event also specified the use of similar tools during "civil unrest centered in Minneapolis, Minnesota, and civil unrest at the U.S. Capitol." *Id.*

14. The full workshop description on the conference website was the following:



**Multimedia Evidence Tools on the Digital Content Analysis Platform**

📍 Location: Ballroom D1/D2 (Elm/Clear Fork), KBHCC

**Kimberly A. Meline**
Video Communications Specialist
FBI
Brooklyn Center, Minnesota, United States

JB **James R. Brown**
Assistant Director
FBI
Woodbriedge, Virginia, United States

SC **Samuel Cava**
Unit Chief
FBI, West Virginia, United States

Recently, the FBI has offered an array of tools for multi-agency use in critical incident investigations via the Digital Content Analysis Platform (DCAP). This workshop will demonstrate uses for the Triage Toolkit, Pegasus, and Jupiter, describing collaborative efforts between agencies to accomplish mass multimedia review with surveillance video, call detail records, and social media records. The presentation will focus on two cases from recent years: civil unrest centered in Minneapolis, Minnesota, and civil unrest at the U.S. Capitol.

*Id.*

15. On August 10, 2023, The Times submitted a FOIA Request ("the Request") to the FBI, seeking "[t]he presentation, including notes, scripts, and visual presentations, done by FBI employees Kimberly A. Meline (Video Communications Specialist – FBI, Brooklyn Center, Minnesota), James R. Brown (Assistant Director – FBI, Woodbridge, Virginia), and Samuel Cava (Unit Chief - FBI, West Virginia) at the conference of the International Association of Chiefs of Police in October 2022 in Dallas, Texas, with the title: 'Multimedia Evidence Tools on the Digital Content Analysis Platform.'"

16. On August 22, 2023, the FBI acknowledged receipt of the Request and assigned it a tracking number, No. 1601282-000.

17. As of the date of this filing, the FBI has not communicated with The Times since sending its acknowledgement.

## FIRST CAUSE OF ACTION

18. Plaintiff repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

19. Defendant is an agency subject to FOIA and must therefore release, in response to a FOIA request, any disclosable records in its possession at the time of the Request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

20. Defendant has failed to meet the statutory deadlines of 20 business days set by FOIA. 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiff is deemed to have exhausted its administrative remedies under FOIA. *See id.* § 552(a)(6)(C)(i).

21. Defendant is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

22. No exemptions permit the withholding of the documents sought by the Request.

23. Accordingly, Plaintiff is entitled to an order compelling Defendant to produce records responsive to the Request.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

24. Declare that the documents sought by the Request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

25. Order Defendant to undertake an adequate search for the requested records and provide those records to Plaintiff within 20 business days of the Court's order;

26. Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA, 5 U.S.C. § 552(a)(4)(E)(i); and

27. Grant Plaintiff such other and further relief as this Court deems just and proper.

Dated: New York, New York
October 5, 2023

/s/ David E. McCraw
David E. McCraw
Demetri Blaisdell
Legal Department
The New York Times Company
620 8th Avenue
New York, NY 10018
Phone: (212) 556-4031
Fax: (212) 556-4634
E-mail: mccraw@nytimes.com
E-mail: demetri.blaisdell@nytimes.com

*Counsel for Plaintiff*